## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MATTHEW FOCHT
ENTERPRISES, INC., a Georgia
corporation,

                    **Plaintiff,**

          v.                                          **1:12-cv-4479-WSD**

MICHAEL LEPORE, an individual,

                    **Defendant.**

## OPINION AND ORDER

On or about June 21, 2013, Michael Lepore ("Defendant") disclosed his

expert witness, Donald Krasnosky ("Krasnosky") to Matthew Focht Enterprises,

Inc. ("Plaintiff") and provided Plaintiff with Krasnosky's initial expert report.  On

July 19, 2013, the Court ordered Plaintiff to produce its Merchant Statements to

Defendant in order to provide Krasnosky the opportunity to review a sampling of

the statements and prepare a report calculating the commissions based upon the

information contained in the sampling.  (Transcript of July 19, 2013, Proceeding,

at 24 [35]).  On December 5, 2013, the Court ordered that Krasnosky be provided

access to all the Merchant Statements.

On June 11, 2014, Defendant provided Plaintiff with Krasnosky's

supplemental expert report.  On July 11, 2014, Plaintiff filed its Emergency Motion

for an Order Allowing It to File an Out of Time Daubert Motion [65] ("Emergency Motion").  Plaintiff's Emergency Motion asserted that Krasnosky altered the methodology he used to calculate surcharge commissions between his November 2013, supplemental report and the June 11, 2014, supplemental report.  Plaintiff also asserted that Krasnosky's recent supplemental report included a calculation of qualified rate commissions, an area not addressed in Krasnosky's earlier reports.

On July 14, 2014, the Court ordered [67] Defendant to show cause why the June 11, 2014, supplemental report should not be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1).  On July 15, 2014, Defendant filed his Response to Order to Show Cause [68] ("Response"), asserting that the delay in preparing the supplemental report was cause by Plaintiff's delay in providing the Merchant Statements.

A review of Krasnosky's reports shows that Krasnosky altered his methodology for calculating surcharge commissions.  In his November 2013, supplemental report, Krasnosky calculated the surcharge commissions using the sum of all surcharges listed contained in the Interchange Charges section of the sample of Merchant Statements provided.  (Doc. 65-3 at p. 4, n.4)  In the June 11, 2014, supplemental report, Krasnosky calculated the surcharge commissions using the sum of all the line items that were not designated as "cleared" transactions

from the total of the surcharges contained in the Interchange Charges section. (Doc. 65-4 at p. 7).  A review of Krasnosky's reports also confirms that only the recent June 11, 2014, supplemental report addresses qualified rate commissions owed to Defendant.

Defendant, while entitled to provide a supplemental expert report containing a full calculation of damages based upon the Merchant Statements, was not entitled to have its expert revise the earlier established methodology for calculating damages.  Defendant was also not entitled to have Krasnosky opine on the qualified rate commissions.  Krasnosky could have referenced these commissions, and his method of calculating them, in his November 2013, supplemental report, but failed to do so.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's June 11, 2014, expert report shall be excluded, and Krasnosky shall not be permitted to testify as to its contents.

**IT IS FURTHER ORDERED** that Defendant, on or before Noon on July 21, 2014, may submit a supplemental expert report concerning the total surcharge commission damages claimed to be owed to Defendant, utilizing the methodology contained in Krasnosky's November 2013, supplemental report.

**IT IS FURTHER ORDERED** that the Court will, at the pretrial conference set for July 22, 2014, consider Krasnosky's qualifications under Federal Rule of Evidence 702, whether Krasnosky should be entitled to provide the various opinions stated in his initial expert report and whether a <u>Daubert</u> hearing is required for the Court to determine the scope of Krasnosky's testimony at trial, if he is allowed to testify.

**SO ORDERED** this 16th day of July, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE