**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**MATTHEW FOCHT
ENTERPRISES, INC.**, a Georgia
corporation,

                Plaintiff,

v.                                                        1:12-cv-4479-WSD

**MICHAEL LEPORE**, an individual,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on Michael Lepore's ("Defendant") Motion in Limine [61] (the "In Limine Motion").

**I.     BACKGROUND**

The Court's July 18, 2014, Order [76] set forth this case's factual and procedural background, as well as the Court's legal reasoning regarding granting in part and denying in part Plaintiff Matthew Focht Enterprises, Inc.'s ("Plaintiff") Motion in Limine [60]. The Background section of the Court's July 18, 2014, Order, is incorporated by reference herein.

On June 17, 2014, Defendant filed his timely In Limine Motion, arguing that Plaintiff be barred from asserting: 1) that Defendant's violation of the restrictive

covenants contained in §§ 2.01, 5.08, and 5.09 of the Agreement bar Defendant from receiving post-termination commissions; 2) as affirmative defenses, unclean hands, estoppel, and Defendant's alleged violation of O.C.G.A. § 10-6-31, which states that an agent that has violated his engagement is not entitled to commissions; 3) that O.C.G.A. § 10-6-31 allows Plaintiff to recover all commissions paid to Defendant during the period he violated the statute; 4) that the durational measure of damages under O.C.G.A. § 10-6-31 extends beyond the termination of the Agreement in March 2012; and 5) that the limitation-of-liability provision contained in § 5.04 of the Agreement does not apply to any unpaid commissions or to Defendant's right to recover attorneys' fees and expenses.

In its July 18, 2014, Order, the Court ruled on the limitation-of-liability issue, finding that § 5.04 limits Defendant's recovery of the allegedly unpaid commissions to $10,000.  The Court also found that § 5.04 did not apply to Defendant's right to recover reasonable attorneys' fees and costs should he prevail on his claim.  The Court now considers the other issues in the In Limine Motion.

**II.   DISCUSSION**

A.   <u>Violation of §§ 2.01, 5.08, and 5.09 of the Agreement</u>

Plaintiff argues that Defendant's violation of §§ 2.01, 5.08, and 5.09 of the Agreement bars his right to receive unpaid commissions.  The Court disagrees.

2

Defendant's entitlement to unpaid commissions cannot be limited based upon the alleged violation of restrictive covenants the Court has previously found to be unenforceable.  (See September 9, 2013, Order [43] at p. 6-15).  Plaintiff's claim that these provisions were not restrictive covenants but conditions precedent that were not met is unpersuasive.

Plaintiff's reliance on Stannard v. Allegis Grp., Inc., 2009 WL 1309751 (N.D. Ga. Apr. 27, 2009) is misplaced.  The agreement at issue in Stannard contained a non-compete that provided for employees to continue to receive compensation after the termination of the relationship, provided the former employee refrained from competing with Allegris for thirty (30) months.  Stannard, 2009 WL 1309751 at *1.  When Stannard sued Allegris for failure to provide post-termination compensation, Allegris relied on the undisputed breach of this agreement not to compete as a defense.  Id. at *2.  The Court found that the clause was not a restrictive covenant but rather a condition precedent to the receipt of post-termination compensation under the agreement.  Id. at *4-5.  The Court found that the agreement did not prohibit a former employee from engaging in non-competitive activities, but gave the former employee the choice to comply and receive post-termination compensation or compete and forfeit post-termination compensation.  Id.  The Allegris Court noted that if the non-compete had been an

overly broad, unenforceable restrictive covenant, forfeiture of the unpaid compensation would not have been proper. Id. at *3.  On the facts in Stannard, the Court found the non-compete was a mere condition precedent to the receipt of post-termination compensation benefits and that it did not seek to impose a restrictive covenant against competition.  Id. at *5.

Plaintiff here has already asserted that these provisions in the Agreement were restrictive covenants, enforceable in their own right, and cannot now claim that these provisions were merely conditions precedent to post-termination commissions.  The Court previously found of restrictive covenants in §§ 2.01, 5.08, and 5.09 of the Agreement to be unenforceable, and, having done so, the Court now grant's Defendant's In Limine Motion to the extent Plaintiff seeks to assert that the violation of these sections authorizes it to refuse to provide post-termination commissions to Defendant.[1]

B.   Plaintiff's Affirmative Defenses

The Court next addresses Defendant's In Limine Motion with regards to Defendant's demand that Plaintiff be barred from asserting the affirmative

---

[1] Defendant's claim to post-termination commissions is subject to the Court's ruling on the limitation-of-liability provisions in the Agreement. (See Court Order dated July 18, 2014 [76]).

defenses of unclean hands, estoppel, and the Defendant's alleged violation of O.C.G.A. § 10-6-31.

The defense of unclean hands and estoppel were specifically pled in Plaintiff's answer to the Counterclaims. Plaintiff is entitled to rely on these affirmative defenses at trial and to introduce evidence to prove them.

Plaintiff is also permitted to assert that Defendant's alleged violation of O.C.G.A. § 10-6-31 allowed Plaintiff to withhold the payment of post-termination commissions to Defendant. Plaintiff asserted the violation of O.C.G.A. § 10-6-31 in its Amended Complaint, as part of its demand that Defendant disgorge all commissions paid to him while he was an unfaithful agent. (Am. Com. [2] at Count IV). Plaintiff raised the O.C.G.A. § 10-6-31 violation in its Amended Complaint, and put Defendant on notice that this statute was an issue in this case. Defendant's motion to prevent Plaintiff from asserting O.C.G.A. § 10-6-31 as a defense to Defendant's Counterclaim is thus denied.

    C.    <u>Scope and Duration of Damages Under § 10-6-31</u>

The remaining two issues are related, and concern Defendant's assertion that, under O.C.G.A. § 10-6-31, Plaintiff is entitled only to recover the gross revenue Defendant received from the business he allegedly wrongfully diverted,

and that this right to recover expired in March 2012, when the Agreement was terminated.

The Court's decision in Keg Technologies, Inc. v. Laimer, 436 F. Supp. 2d 1364 (N.D. Ga. 2006) is instructive. In Keg, Laimer was engaged as Keg Technologies's agent from 2001 to June 2003, when the relationship was terminated. Keg Technologies, 436 F. Supp. 2d at1375. While the agency relationship existed, Laimer, in December 2002, violated the fiduciary obligations he owed to Keg. Id. at 1376. In its suit against Laimer, Keg sought to recover all of the commissions paid to Laimer, including those commissions paid prior to the breach. Id. at 1375. Laimer also executed sales in 2004 -- after the termination of the relationship -- for clients the Court determined were unlawfully solicited before the Keg-Laimer agency relationship terminated. Id. at 1378. The Keg Court, noting that the Georgia law provides for generous compensation for breach of fiduciary duty, awarded Keg all of the compensation and benefits Laimer received between December 2002 (the date he began breaching his fiduciary duties) and June 2003 (the termination of the relationship). Id. at 1375, 1378. The Court also awarded the gross revenue received by Laimer from the 2004 sales. Id. at 1378.

Considering the reasoning in Keg, if Plaintiff establishes that O.C.G.A. § 10-6-31 applies to Defendant's conduct and that Defendant violated this section of the

Georgia Code, Plaintiff is entitled to seek to prove all of the commissions paid to Defendant starting from the date of Defendant's alleged breach of his fiduciary duties (if any duties were in fact found to be owed to Plaintiff).  Plaintiff is also entitled to seek to prove the gross revenue received by Defendant from any diverted business, including any gross revenue the Defendant received after the termination of the Agreement.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine [61] is **GRANTED IN PART and DENIED IN PART**.  It is **GRANTED** to the extent Plaintiff seeks to assert that the violation of the restrictive covenants authorized it to refuse to provide post-termination commissions to Defendant.  It is **DENIED** regarding all other issues.

**SO ORDERED** this 22nd day of July, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE