IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW FOCHT ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL LEPORE, <br><br> Defendant. | 1:12-cv-4479-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendant Michael Lepore's ("Defendant") Renewed Motion for Attorney Fees and Costs [109] ("Defendant's Motion") and Plaintiff Matthew Focht Enterprises, Inc.'s ("Plaintiff") Renewed Motion for Attorney Fees [111] ("Plaintiff's Motion").

## I.     BACKGROUND

### A.     Relevant Factual Background[1]

Plaintiff is an "independent sales organization" that sells, on behalf of credit card processing companies, credit card processing services to retail merchants. Plaintiff receives a portion of the processing fees charged by the processing companies to the merchants Plaintiff solicits. Plaintiff contracts with sales agents to solicit merchants on its behalf, for which Plaintiff pays the sales agents a commission.

Defendant was a sales agent for Plaintiff. On March 24, 2009, Plaintiff and Defendant entered into an Independent Contractor Agreement (the "Agreement") governing, among other things, the parties' relationship and the commissions to be paid by Plaintiff to Defendant. The Agreement was in force for three (3) years. At some point in 2011 or 2012, Defendant decided to discontinue working for

---

[1]     These facts are taken from the following statements of facts submitted in accordance with Local Civil Rule 56.1: Plaintiff's Statement of Material Facts ("SUMF") [37-2], Defendant's Response to Plaintiff's SUMF [42], Defendant's SUMF [38-2], and Plaintiff's Response to Defendant's SUMF [40]. Where a party disputed a factual assertion contained in a statement of facts, the Court also considered the specific exhibits cited in support of the assertion. See LR 56.1(B)(3), NDGa (providing that the court deems a party's SUMF citation as supportive of the asserted fact "unless the respondent specifically informs the court to the contrary in the response"). Additional factual assertions are considered with the parties' arguments below.

Plaintiff. Defendant ultimately began competing, in various forms, with Plaintiff in the sale of credit card processing services.

    B.    <u>Procedural History</u>

When Defendant began competing against Plaintiff, on November 21, 2012, Plaintiff filed this action against Defendant in the Superior Court of Cobb County, Georgia. Plaintiff generally alleged that Defendant had breached various contractual and fiduciary duties he owed to Plaintiff and sought injunctive and damages relief based on Defendant's alleged conduct. On December 31, 2012, Defendant removed the action to this Court.

In an Amended Complaint [2] ("Complaint"), Plaintiff asserted nine (9) scattershot causes of action including: (1) breach of contract based on Plaintiff's alleged violation of restrictive covenants (Count I); (2) tortious interference with contractual relations between Plaintiff and Plaintiff's customers (Count II); (3) defamation (Count III); (4) "unfaithful agent" liability under O.C.G.A. § 10-6-1 (Count IV); (5) computer theft (Count V); (6) injunctive relief prohibiting Defendant from violating the restrictive covenants alleged in Count I (Count VI); (7) a declaratory judgment that Defendant is not entitled to additional compensation from Plaintiff (Count VII); (8) punitive damages (Count VIII); and (9) attorneys' fees (Count IX).

On January 7, 2013, Defendant filed his Counterclaim [3], asserting five (5) causes of action against Plaintiff including: (1) breach of contract based on Plaintiff's underpayment of commissions (Count I); (2) breach of contract based on Plaintiff's failure to pay post-termination compensation (Count II); (3) an accounting related to the post-termination compensation alleged in Count II (Count III); (4) a declaratory judgment that Defendant is entitled to the post-termination compensation alleged in Count II (Count IV); and (5) attorneys' fees and costs (Count V).

A variety of litigation activities resulted in the dismissal of claims from the case. On July 15, 2013, Plaintiff stipulated to the withdrawal of Counts III and V of the Complaint—two facially weak claims. On September 9, 2013, the Court entered its Order [43] on Defendant's Motion for Summary Judgment on Counts I, II, and VI of the Amended Complaint. These counts, which were calculated to prohibit Defendant from competing with Plaintiff, were the initial centerpiece of the litigation. The Court granted summary judgment on these three claims.

This left four remaining Plaintiff claims: unfaithful agent (Count IV), declaratory judgment that Defendant is not entitled to additional commission compensation (Count VII), punitive damages (Count VIII), and attorneys' fees and costs (Count IX). On March 21, 2014, the Court granted [49] Plaintiff's Motion

for Partial Summary Judgment on Count I of the Counterclaim seeking pre-termination compensation.[2] The Court denied Plaintiff's summary judgment motion with respect to counterclaim Counts II, IV, and V. Accordingly, the following claims were required to be tried: Plaintiff's claim for breach of fiduciary duty, including injunctive relief, and for punitive damages, and Defendant's claim and request for declaratory judgment based on the breach of contract claim for failure to pay post-termination compensation.

On June 3, 2014, the Court set [58] this case for trial on July 28, 2014. In the Order setting trial, the Court set forth a schedule for filing pre-trial motions, including motions in limine.

On June 17, 2014, Plaintiff filed its Motion in Limine [60] to bar Defendant from (1) introducing breach of contract damages in excess of $10,000 on the grounds that the Contract capped compensation damages at this amount,[3] and (2) from arguing that he did not owe a fiduciary duty to Plaintiff. The Court

---

[2] The Court also denied Defendant's Motion for Summary Judgment on Count I of the Counterclaim [38]. The parties also were entitled to assert claims for attorneys' fees and costs.

[3] This contract interpretation issue was one that, if raised earlier in the case, would have saved the parties significant litigation time and expense. The motion presented a pure question of law that could, early on, have significantly narrowed the issues in this matter.

5

granted the motion to apply the damages cap, and denied the motion to preclude Defendant from arguing he did not owe a fiduciary duty to Plaintiff.

At the trial on Plaintiff's breach of fiduciary duty and punitive damages claim, and Defendant's post-termination compensation payment breach of contract claim, the jury found against Plaintiff on its breach of fiduciary duty claim[4] and found for Defendant on his breach of contract compensation claim. On July 30, 2014, judgment [97] was entered in favor of Defendant on his breach of contract compensation claim.

On August 13, 2014, Plaintiff filed its first motion for attorneys' fees [98], and Defendant filed his first motion for attorneys' fees [99]. Plaintiff sought attorneys' fees and costs in the amount of $27,846.32, claiming it was the prevailing party on Defendant's pre-termination breach of contract claim. Defendant sought attorneys' fees in the amount of $257,965.00 and costs in the amount of $2,647.80, claiming he is the prevailing party on all of Plaintiff's

---

[4] Before the case was submitted to the jury the Court granted Defendant's motion under Rule 50 of the Federal Rules of Civil Procedure for judgment on the pleadings on the grounds that no reasonable jury could find for Plaintiff on its punitive damages claim.

claims.[5]  The parties relied on Section 6.13 of the Agreement in seeking an attorneys' fee and cost award:

> Should any suit or arbitration be brought to enforce or interpret any part of the Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including expert witness fees and fees on appeal.

(Agreement § 6.13).

On October 31, 2014, the Court denied [108] the parties' motions for attorneys' fees.  The Court concluded that Plaintiff failed to prevail on any of the nine claims it asserted in the action and that its aggressive pursuit of these claims resulted in the counterclaim filed by the Defendant, on only one of which--Count I--did Plaintiff prevail, and that was early in the litigation.  (October 31, 2014, Order, at 8-9).  The Court concluded that Plaintiff was not, under Section 6.13 of the Agreement, entitled to an award of attorneys' fees and costs as a prevailing party on its claims, and was only a prevailing party on Count I of the Counterclaim.[6]

---

[5] Defendant asserted that the attorneys' fees and costs he sought, for both his lead and local counsel, was adjusted to remove any fees and costs associated with his work to seek post-termination compensation greater than $10,000.

[6] The Court rejected Plaintiff's claim that it was the prevailing party on Count II because Plaintiff successfully argued that Defendant's award was capped at $10,000.  (October 31, 2014, Order, at 10-11).

The Court concluded that Defendant prevailed on Plaintiff's claim for breach of the non-compete and confidentiality provisions of the Agreement (Counts I and II of the Complaint), and prevailed on his breach of contract counterclaim for post-termination compensation (Count II of the Counterclaim). (Id. at 11). The Court concluded further that the cap on damages for Count II of the Counterclaim did not discredit that Defendant prevailed on this claim, and did not preclude an award of the attorneys' fees and costs Defendant incurred to prove a violation of the post-termination compensation provision of the Agreement. (Id. at 12).

After its review of the supporting documentation submitted by the parties in support of their respective claims for attorneys' fees, the Court concluded that the parties' "failure to limit their attorneys' fees and costs requests to the fees and costs incurred on the claims on which they prevailed, preclude[d] the Court from awarding reasonable fees and costs in this case." (Id. at 14). The Court allowed the parties to file new motions for attorneys' fees and costs that were "limited to the fees and costs incurred or for which an award under Section 6.13 is permitted." (Id.).

On December 1, 2014, Defendant filed his Renewed Motion for Attorney Fees and Costs, and Plaintiff filed its Renewed Motion for Attorney Fees.

Defendant states he reviewed the time and expense incurred on the claims on which Defendant prevailed and reduced his attorneys' fees claim. Defendant argues that his claim for attorneys' fees in the amount of $224,701.90 and expenses in the amount of $20,213.80 is now reasonable. Defendants' revised claim reflects modest reduction in the amount Defendant claimed in his initial request. Plaintiff seeks attorneys' fees and expenses in the amount of $63,942.50 and costs in the amount of $4,094.11.[7]

The parties continue to dispute the attorneys' fees claimed. Defendant also objects to Plaintiff's costs.

## II. DISCUSSION

### A. Legal Standard

It is well-established that a prevailing party in litigation to enforce a term of an agreement may be awarded attorneys' fees and costs where the contract between them provides for the award of attorneys' fees and cost to the prevailing party. Silar v. Hodges, 250 Ga. App. 42, 43 (Ga. Ct. App. 2001). Section 6.13 of the Agreement states:

---

[7] Plaintiff, in the alternative, requests sixty-percent of the $63,942.50 in fees and $4,094.11 in costs incurred, noting that this percentage is a reasonable apportionment of the fees and costs incurred on the one claim upon which it prevailed. (Plaintiff's Motion at 5-8).

9

> Should any suit or arbitration be brought to enforce or interpret any part of the Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs, including expert witness fees and fees on appeal.

(Agreement § 6.13).

The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate . . . [t]he product of these two figures is the lodestar and there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (considering the recovery of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988) (internal quotation marks and citations omitted). The court may adjust the lodestar amount based upon the results obtained. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988). For example, attorneys' fees may be adjusted if the result was partial or limited in success. Id. Put another way,

> [i]f fee applicants do not exercise billing judgment, courts are obligated to do it for them. . . . . [I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.

Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999)

"A request for attorney's fees should not result in a second major litigation." Norman, 836 F.2d at 1303 (quoting Hensley v. Eckerhart, 461 U.S. 424, 437

10

(1983)). It is "perfectly proper to award attorney's fees based solely on affidavits in the records." Id. "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses." Id. (citations omitted). Evidentiary hearings are only necessary "where there [a]re disputes of fact, and where the written record [i]s not sufficiently clear to allow the trial court to resolve the disputes of fact." Id.

    B.    Defendant's Claim for Attorneys' Fees and Costs

Defendant asserts that he incurred approximately $370,125.00 in attorneys' fees and $33,353.72 in costs in this action. Defendant requests an award of $224,701.90 in attorneys' fees and $20,213.80 in costs, which Defendant asserts represents a portion of the fees and expenses Defendant incurred to defend against Counts I and II of the Complaint and to prosecute Count II of the Counterclaim (the "Prevailing Claims"). (Defendant's Motion ¶ 5-7). Defendant asserts that he has not included any fees or costs attributable to any non-contractual claims that were litigated and that would, thus, not be subject to Section 6.13 of the Agreement. (Id.) Defendant, in response to the Court's concern about overstaffing, removed all time entries made by Robert M. Dees, Michael T. Fackler, Erin A. Jazapavicus, and Jenny Bezis Howard, and reduced its

request for attorneys' fees from $262,937.50 in his initial motion to $224,701.90--a reduction of $38,235.60.  Defendant notes that the attorneys' fees award now requested is 60% of the overall attorneys' fees he incurred in litigating this action.  (Id. ¶ 8).

Of the $224,701.90 in attorneys' fees Defendant requests be awarded to him, $209,025 is attributable to the Milam Howard firm, and $15,676.90 is attributable to Mr. Myles Eastwood.  (Defendant's Motion, Exhibit A [109-2] ("Exhibit A") at 1).  At Milam Howard, Defendant claims time was incurred by four partners, three associates, and two paralegals who billed time on this case.[8]  (Id.).  Of those nine, Defendant elects not to seek an award for time incurred by Robert M. Dees, Michael T. Fackler, Erin A. Jazapavicus, and Jenny Bezis Howard, three attorneys and a paralegal.  (Id.).  These were not included in the revised attorneys' fees claimed in response to the Court's previous criticism of the Milam Howard firm's inefficient use of seven lawyers to litigate this commercial dispute.  Defendant now seeks an award for the services provided by (1) G. Alan Howard, a partner with a $350 per hour billing rate; (2) W. Braxton Gillam, another partner with a $350 per hour billing rate; (3) Paul M. Renner, a third partner with a $300 per hour billing rate; (4) Patrick W. Joyce, an associate with a

---

[8] More than seven attorneys billed time to this matter, but Defendant has elected not to seek reimbursement for the time incurred by these other attorneys.

12

$200 per hour billing rate; and (5) Heather Durham, a paralegal with a $125 per hour billing rate. Defendant seeks an award for 334.3 hours billed by Messrs. Howard, Gillam, and Renner, 467.4 hours billed by Mr. Joyce, and 36 hours billed by Ms. Durham. Mr. Eastwood, a further lawyer who served as local counsel, charges $375 per hour for his services, and billed 41.8 hours of services which Defendant seeks to recover. ([110-2] ¶¶ 6, 12-14).

The hourly rates charged for the attorney services in this case are reasonable.[9] By deleting charges for services not related to the Prevailing Claims--as he was required--and his further reduction of $38,235.60 in charges from his original request for fees, the Court agrees that Defendant has made a significant, but not complete, effort to ensure that the amount of fees requested is connected only to the Prevailing Claims, and does not represent a redundancy of work or inefficient staffing. Defendant, however, still has not completely removed charges for claims on which he did not prevail. For example, Defendant seeks attorneys' fees for his counsel's preparation of his Motion for Partial Summary

---

[9] "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience, and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). The Court determines that the Atlanta metropolitan area is the relevant legal community for the purposes of determining the prevailing market rate for legal fees in this case.

Judgment on Count I of the Counterclaim [38],[10] a motion the Court denied and a count on which the Court granted Plaintiff summary judgment. (March 21, 2014, Order [49]).

Defendant also seeks attorneys' fees for charges that appear to be for the litigation as a whole, without apportioning these fees between the Prevailing Claims and claims on which Defendant is not entitled to attorneys' fees under the Agreement.[11]

The Court does not expect Defendant to perfectly apportion these charges between the Prevailing Claims and other claims, because it would be difficult to do so considering the prominence of the Prevailing Claims in the context of the entire litigation. Cf. Hensley v. Eckerhart, 461 U.S. 424, 435 n.11 (1983) (noting that it is not significant that a prevailing plaintiff did not receive all the relief requested);

---

[10] In August 2013, Mr. Joyce spent 18.2 hours drafting Defendant's motion for partial summary judgment, charging $3,640 for these services. (Exhibit A at 36).

[11] For example, Mr. Renner spent 7.7 hours on June 25, 2013, preparing for depositions, 9.5 hours on June 26, 2013 preparing for and attending Plaintiff's deposition, and 11.3 hours preparing for and attending the deposition of Mr. Matthew Focht. (Exhibit A at 28). The total charges for Mr. Renner's services for these three entries equal $8,550. (Id.). On June 25, 2013 and June 26, 2013, Mr. Joyce spent a total of 9.4 hours assisting with Mr. Renner's deposition preparation, charging $1,565 for these services. (Id. at 27). Similarly, on January 4, 2013, Mr. Joyce spent a total of 7.4 hours meeting with drafting Defendant's Answer, Affirmative Defenses, and Counterclaims, and meeting with Mr. Howard and Mr. Fackler regarding the same, charging $1,480 for these services. (Id. at 4). Hours spent on discovery are similarly not apportioned between discovery related to the Prevailing Claims and other claims.

Sierra Club v. Hankinson, No. 1:94-CV-2501-MHS, 1997 WL 33303277, at *4 (N.D. Ga. Apr. 18, 1997) ("All issues in this case were inextricably linked, and plaintiffs were overwhelmingly successful in the litigation as a whole.  The Court thus declines to strictly apportion plaintiffs' compensation to account for minor defense victories.").

 The Court, however, from its detailed review of Defendant's counsel's billing records, determines a further reduction is required.  The reduction which the Court applies seeks to apportion between fees claimed for general services provided on this matter, and recognizes the relatively small amount awarded on the claims on which Defendant prevailed.  The Court thus, in its discretion, reduces by thirty percent (30%) the attorney fees claimed by Defendant in this renewed motion for attorneys' fees.  The Court also reduces the fees claimed in the amount of $1,420.00--the fees for service performed to prepare the second attorneys' fees motion which was required by the failure to submit a proper motion initially.  The total reduction in the attorneys' fees claimed is $68,830.57

 Having conducted its detailed evaluation of the fees billed in this matter and having determined, in its discretion, that the fees billed must be reduced for the reasons and in the amounts discussed above, the Court finds that attorneys' fees in the amount of $155,871.33 are reasonable for the work performed on the claims on

which Defendant prevailed in view of the results obtained by Defendant on the Prevailing Claims.[12] In the absence of any opposition to the costs and expenses claimed, and because the Court finds the claimed costs and expenses claimed reasonable, costs and expenses are awarded in the amount claimed, or $20,213.80.

### C. Plaintiff's Claim for Attorneys' Fees and Costs

Plaintiff was the prevailing party with respect to Count I of Defendant's Counterclaim, and is entitled to recover attorneys' fees related to this claim.[13] Plaintiff asserts that it incurred $63,942.50 in attorneys' fees and $4,094.11 in costs related to its defense on Count I of Defendant's Counterclaim. (Plaintiff's Motion at 4). Plaintiff acknowledges that this amount includes fees and costs incurred for services that were necessary to prevail on Count I that may also have

---

[12] Plaintiff asserts that because Defendant recovered only $10,000 of the approximately $550,000 in damages it identified in the Proposed Pretrial Order submitted by the parties, an amount equal to approximately two-percent (2%) of its requested damages, Defendant should only be entitled to recover two-percent (2%) of its attorneys' fees. (Plaintiff's Br. in Opp. [113] at 8-9). The Prevailing Claims, however, are not limited to Defendant's successful prosecution of Count II of his Counterclaims, but also Defendant's successful defense of Counts I and II of Plaintiff's Complaint. Thus, the Court reduced fees claimed for the results achieved by six-percent (6%). That reduction is reflected in the total thirty-percent (30%) reduction made.

[13] Defendant asserts that Plaintiff is not the prevailing party because Plaintiff did not receive a benefit from prevailing on Count I of the Counterclaim. (Defendant's Br. in Opp. [112] at 2-3). The Court, having previously concluded that Plaintiff was the prevailing party on Count I of the Counterclaim, finds this argument to be without merit. (See October 31, 2014, Order, at 8-9).

been related to other counts in this action.  (Id. at 4-5 n. 2).  Plaintiff, accordingly, after considering counsel's review of the billing records and taking into account that tasks that were performed for more than just its defense against Count I of the Counterclaim, asserts that, in the alternative to granting it an award of all of the above-mentioned fees and costs, it is reasonable to allocate 60% of the fees and costs it identified to Count I of the Counterclaim.  (Id. at 7-8).

The Court, from its detailed review of Plaintiff's counsel's billing records, determines, in its discretion, that Plaintiff's suggested award of sixty-percent (60%) of the attorneys' fees it incurred is appropriate.  This represents a reduction in the amount of $25,577.00 in the fees billed in this matter.

Having conducted its detailed evaluation of the fees billed in this matter and having determined in its discretion that the fees billed must be reduced for the reasons and in the amounts discussed above, the Court finds that attorneys' fees in the amount of $38,365.50 are reasonable in view of the results obtained by Plaintiff on Count I of the Counterclaim.

Plaintiff also seeks recovery of costs, specifically: (1) $100.57 for accommodations for expert's first deposition in Jacksonville, Florida; (2) $1,416.14 for the first deposition transcript of expert witness; (3) $429.80 for airfare to and from Jacksonville, Florida for expert's first deposition; (4) $1,107.30

17

for the transcript for Plaintiff's deposition; and (5) $1,040.30 transcript for Defendant's deposition. (Plaintiff's Motion at 4).

Defendant asserts that, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiff is not entitled to recover costs for travel and lodging. Defendant asserts also that Plaintiff's request for costs related to the expert's deposition should be denied because the expert's deposition was only necessary because Plaintiff waited until the motion in limine stage to raise its limitation of damages argument.

Plaintiff is not seeking the recovery of damages pursuant to Rule 54(d), but pursuant to Section 6.13 of the Agreement, which allows the prevailing party to recover its reasonable attorneys' fees and costs. (Agreement § 6.13). Plaintiff, thus, is not limited to the costs permitted by Rule 54(d). Plaintiff notes also that the first deposition of Defendant's expert occurred during discovery, prior to when it could have reasonably raised at summary judgment its limitation of damages argument. Plaintiff is entitled to recover the costs it claims to have incurred that relate to the count on which it prevailed.

Here the entirety of these costs is not related to Count I of the Counterclaim. The Court determines, in its discretion, that Plaintiff's suggested award of sixty-percent (60%) of the costs it incurred is appropriate. This represents a

reduction in the amount of $1,637.64 in the costs incurred. The Court finds that costs in the amount of $2,456.47 are reasonable.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Michael Lepore's Renewed Motion for Attorney Fees and Costs [109] is **GRANTED**. Defendant is awarded attorneys' fees in the amount of $155,871.33, and costs in the amount of $20,213.80, for a total award of $176,085.13

**IT IS FURTHER ORDERED** that Plaintiff Matthew Focht Enterprises, Inc.'s Renewed Motion for Attorney Fees [111] is **GRANTED**. Plaintiff is awarded attorneys' fees in the amount of $38,365.50, and costs in the amount of $2,456.47, for a total award of $40,821.97.

**SO ORDERED** this 17th day of August, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE